UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM, #272603, )
          Plaintiff, )
) No. 2:16-cv-71
-v- )
) Honorable Paul L. Maloney
PAMELA AUSTIN, *et al.*, )
          Defendants. )
)

## ORDER REJECTING REPORT AND RECOMMENDATION

Michael Gresham, a prisoner under the control of the Michigan Department of Corrections, alleges the defendants violated his civil rights. Defendants filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 40.) The magistrate judge issued a report recommending the Court grant the motion for summary judgment. (ECF No. 45.) Gresham filed objections (ECF No. 46) and an affidavit (ECF No. 47.) Defendants filed a response. (ECF No. 48.) The Court will reject the report and recommendation and will grant in part the motion for summary judgment.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge found that Gresham filed two grievances that are relevant to the claims in this lawsuit. Grievance 0718-12A1 was not exhausted. When Gresham filed either a Step II or Step III appeal, the appeal was returned because he did not attach the Step I form and response. (ECF No. 41-5 PageID.159.) The magistrate judge noted that because Gresham did not file any affidavits or make the statements under penalty of perjury, his allegations that the MDOC refused to provide him with the document was not supported by any evidence. Grievance 0754-28A was exhausted through Step III. However, the grievance was consistently denied as duplicative of Grievance 0718-12A1.

In his objection, Gresham contends the Court should find that for Grievance 0718-12A1, the grievance process was not available to him and should conclude that he did exhaust his administrative remedies. In the affidavit filed with his objection, Gresham contends the Grievance Coordinator (Caron) refused to send him the documents he needed to file the Step III appeal and the Grievance Administrator (Russell) would not respond to Gresham's requests.

The Court sustains the objection and will reject the R&R. The Court concludes the record does contain evidence to support the conclusion that Caron's actions rendered the grievance process unavailable to Gresham. In the complaint, Gresham alleges that Caron would not give him a copy of the Step I grievance. (PageID.6.) According to Gresham, Caron refused to provide the document for the purpose of hindering Gresham's ability exhaust his administrative remedies. (*Id.*) Gresham alleged that he never received a response to his first grievance or a copy back. (PageID.8.) Gresham signed the complaint and below his signature, he wrote "I declare all is true without perjury 28 U.S.C. § 1746."

(PageID.10.)  The Court also notes that in his Step II Appeal of Grievance 0754-28A, which was written in April 2013 well before the complaint was filed, Gresham complained that he never received a response to Grievance 0718-12A1.  (ECF No. 41-4 PageID.152.)

The allegations in the complaint are sufficient to defeat the motion for summary judgment.  Because he did not have a copy of the Step I grievance and the response, his appeal was rejected.  Resubmitting his appeal would have been futile; Gresham did not have a copy of the Step I form and response.  MDOC's motion fails to address Gresham's allegations about Caron's actions.  The omission is curious because the Court previously discussed the implications of Gresham's allegations on his ability to exhaust his administrative remedies.  In the Opinion dismissing Caron as a defendant from this lawsuit, this Court wrote that "[i]f Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action."  (ECF No. 27 Opinion at 5 PageID.82.)

Because the magistrate judge recommended that Defendants' motion be granted for failure to exhaust, the magistrate judge did not consider the second part of the motion, the request to dismiss Kevin Rourke and Ken Neimsto.  Rourke is not named in any grievance. In his complaint, Gresham asserts he was seen by Rourke on May 31, 2013.  (PageID.8.) Neimsto is not named in any grievance.  In the complaint, Gresham asserts Neimsto failed to respond to his requests and also prevented him from receiving dental treatment because Gresham filed too many grievances.  (PageID.8 and 9.)  In his response to the motion and sur-reply, Gresham states that Niemesto interfered with his ability to exhaust grievances.

On these allegations, the Court will dismiss any claim against Rourke and Neimsto. Neither are named in a grievance. If Rourke saw Gresham in May 2013, Gresham did not exhaust his administrative remedies against Rourke because the two grievances were filed before May 2013. As characterized in his response and sur-reply, Gresham does not have a claim against Neimsto. The Court previously dismissed the same claim against Caron because interference with the grievance process does not violate a due process right. (Opinion at 4 PageID.81.)

For these reasons, the report and recommendation (ECF No. 45) is **REJECTED**. Defendant's motion for summary judgment (ECF No. 40) is **GRANTED IN PART and DENIED IN PART**. Gresham's claims against Defendants Rourke and Neimsto are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. **IT IS SO ORDERED.**

Date: February 28, 2020                                     /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge